IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THERRESSEIA BOLAND,

    Plaintiff,

v.                              CIVIL ACTION NO. __2:18cv113__

UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT

Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendant for the following:

1. The Plaintiff is a military dependent and is a resident of the State of Virginia.

2. This cause of action arose originally on or about September 18, 1996, at Naval Medical Center Portsmouth when the Plaintiff underwent a surgical procedure at the hands of employees/agents of the Defendant.

3. At all times, the employees/agents of the Defendant were working within the scope of their employment/agency with the United States of America at the time they were providing healthcare to the Plaintiff.

4. At all times, the employees/agents of the United States of America were healthcare providers as that term is defined by the Virginia Code.

5. At all relevant times, the Plaintiff was a patient as that term is defined by the Virginia Code.

6. The Plaintiff first became aware of the existence and cause of her injury on or about March 17, 2015, when she underwent an operation at the hands of Dr. Peter J. Vonu.

7. During that operation, Dr. Vonu discovered numerous sutures that had been placed in the Plaintiff during the operation of September 18, 1996, and which had no medical or therapeutic purpose.

8. The Plaintiff then filed her Form 95 on January 4, 2016, less than one year later.

9. The filing of the Form 95 was timely under either Virginia Code § 8.01-243(c)(1) and/or *Kerstetter v. United States*, 57 F.3d 362 (4th Cir. 1995), in that it was filed less than one year from the date the Plaintiff was aware that she had a foreign object having no therapeutic or diagnostic effect left in her body and/or it was filed less than one year after the Plaintiff first knew that she had been injured as a result of the surgical procedure of September 18, 1996.

10. The Plaintiff's claim was denied by letter of November 17, 2017.

11. This claim is being brought within six months of that denial.

12. The Defendant is the proper Defendant pursuant to 28 U.S.C. § 1346 (the Federal Torts Claim Act) as the heatlhcare providers providing care

to the Plaintiff were employees/agents of the United States of America at the time they treated the Plaintiff.

13. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(a).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of this action arose within the Eastern District of Virginia, Norfolk Division, specifically, at Naval Medical Center Portsmouth in Portsmouth, Virginia.

15. On or about September 18, 1996, the Plaintiff underwent a surgical procedure at the hands of Drs. Ash, Spencer and Moore, all agents and/or employees of the United States of America.

16. The procedure that was allegedly performed was an abdominal wall lipodystrophy with rectus diaphysis.

17. At all relevant times, the Defendant, through its employees/agents, had a duty to perform that procedure in a careful, prudent and non-negligent manner in conformity with the applicable standard of care in effect at that time.

18. Notwithstanding said obligations, the Defendant, through its agents/employees negligently performed that procedure and breached the applicable standard of care in that, among other things, numerous long stitches were used and placed which had no therapeutic value or diagnostic effect.

19. Over the course of the next 19 years, the Plaintiff suffered intractable and unrelenting pain. She underwent numerous consultations and treatment in an effort to cure her of her pain.

20. Over those 19 years, the Plaintiff continued to deteriorate emotionally as her physical problems mounted.

21. During that 19 years, the Plaintiff suffered tremendous physical pain, emotional upset and disruption to her life such that she was unable to live any sort of normal life.

22. Finally, on March 17, 2015, Dr. Peter J. Vonu performed an exploratory operation on the Plaintiff where he identified and removed the stitches and the Plaintiff began to immediately recover.

23. The standard of care required back in 1996 that these stitches not be placed as they were and that the operation be done in accordance with the applicable standard of care.

24. The standard of care was breached when the stitches were put into place as they were and the operation was otherwise performed negligently.

25. As a result of the negligence of the Defendant's employees/agents and the resulting injury, the Plaintiff has been caused to suffer great pain, mental anguish, inconvenience and permanent problems including, but not limited to, psychiatric problems and mental instability.

WHEREFORE, the Plaintiff prays for judgment and execution against the Defendant in the amount of FOUR MILLION FIVE HUNDRED FIFTY-SEVEN THOUSAND SIX HUNDRED THIRTY-TWO DOLLARS ($4,557,632.00), plus pre and post-judgment interest, plus all of her costs in proceeding with this matter.

THERRESSEIA BOLAND

By_____/s/_____
Of Counsel

Robert J. Haddad, Esquire
VSB No. 22298
RULOFF, SWAIN, HADDAD,
MORECOCK, TALBERT & WOODWARD, P.C.
317 30th Street
Virginia Beach, VA  23451
(757) 671-6036
Fax: (757) 671-6004

5